NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 9 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JASIEL LOPEZ DIAZ,<br><br>            Petitioner,<br><br>  v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>            Respondent. | No.   19-71346<br><br>Agency No. A206-673-009<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 2, 2020[**]

Before:     WALLACE, CLIFTON, and BRESS, Circuit Judges.

Jasiel Lopez Diaz, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision denying his application for withholding of removal and relief under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review factual findings for substantial evidence.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014). We deny in part and dismiss in part the petition for review.

We do not consider Lopez Diaz's asylum claim because the BIA did not decide the issue, *see Santiago-Rodriguez v. Holder*, 657 F.3d 820, 829 (9th Cir. 2011) (review limited to the grounds relied on by the BIA), and Lopez Diaz does not contend the BIA erred in concluding that his asylum claim was not properly before it where he is in withholding-only proceedings, *see Corro-Barragan v. Holder*, 718 F.3d 1174, 1177 n.5 (9th Cir. 2013) (failure to contest issue in opening brief resulted in waiver).

Substantial evidence supports the determination that Lopez Diaz failed to establish that the harm he experienced or fears in Mexico was or would be on account of a protected ground. *See Ayala v. Holder*, 640 F.3d 1095, 1097 (9th Cir. 2011) (even if membership in a particular social group is established, an applicant must still show that "persecution was or will be *on account* of his membership in such group"); *Sagaydak v. Gonzales*, 405 F.3d 1035, 1042 (9th Cir. 2005) ("To establish a nexus to the political opinion ground, the [petitioner] must show (1) that [he] had either an affirmative or imputed political opinion, and (2) that [he was] targeted *on account of* that opinion."); *Grava v. INS*, 205 F.3d 1177, 1181 n.3 (9th Cir. 2000) ("Purely personal retribution is, of course, not persecution on account of political opinion."). To the extent Lopez Diaz raises a new particular social group

based on imputed political opinion, we lack jurisdiction to consider that claim. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented below). Thus, Lopez Diaz's withholding of removal claim fails.

Substantial evidence also supports the denial of CAT relief because Lopez Diaz failed to show it is more likely than not he would be tortured by or with the consent or acquiescence of the government if returned to Mexico. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009); *see also Wakkary v. Holder*, 558 F.3d 1049, 1067-68 (9th Cir. 2009) (no likelihood of torture).

The temporary stay of removal remains in place until issuance of the mandate. The motion for a stay of removal (Docket Entry No. 1) is otherwise denied.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**